IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAWA FOFANAH, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-999-K |
| | § | |
| WELLS FARGO BANK, | § | |
| | § | |
| Defendant. | § | Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Special Order No. 3-251, this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions.

### I. BACKGROUND

On April 25, 2007, Plaintiffs Hawa Fofanah and Foday Fofanah filed this action against Defendant Wells Fargo Bank in the 44th Judicial District Court of Dallas County, Texas, alleging breach of contract and a claim for trespass to try title and seeking an injunction to prevent Defendant from foreclosing on certain real property and/or taking any action to remove them from the property. Defendant timely removed this action on June 5, 2007.

By *Order* dated June 15, 2007, this Court ordered the parties to confer and to submit a joint proposal no later than July 5, 2007, which set forth a proposed discovery plan as well as other matters enumerated in the *Order*. In Section V., entitled "Failure to File Proposal", the *Order* expressly provided that failing to timely submit the report could "result in the imposition of sanctions, including dismissal, without further notice, *see* FED. R. CIV. P. 16(f)." On July 5, 2007, Defendant filed its scheduling proposal, wherein it indicated that Plaintiffs failed to confer despite

numerous attempts by counsel for Defendant, and that Defendant was forced to unilaterally submit the joint proposal. Plaintiffs did not file a separate proposal pursuant to the *Order* of June 15, 2007.

On July 11, 2007, this Court issued an *Order to Show Cause* directing plaintiffs to show good cause in writing no later than 5:00 p.m. on Thursday, July 26, 2007, for their failure to comply with this Court's *Order* of June 15, 2007, by participating in the filing of the joint proposal. The order to show cause expressly warned Plaintiffs that if they failed to comply, this Court would recommend to the District Court that this action be dismissed for failure to prosecute without further notice. Nevertheless, Plaintiffs failed to comply with the order to show cause.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiffs have failed to comply with two orders of the Court to participate in the filing of a joint proposal and to show cause for such failure. Such actions indicate a failure to prosecute this action or follow orders of the Court. Accordingly, the District Court should dismiss this action pursuant to Rule 41(b).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiffs' complaint be dismissed without prejudice[1] for the failure of plaintiffs to follow the orders of the Court.

---

[1] "Without prejudice" means that the dismissal of this action does not of itself prevent plaintiff from commencing a new action against defendant on the same factual allegations. Of course, any new action would be subject to dismissal for lack of jurisdiction unless plaintiff can provide a proper basis for federal jurisdiction over an action against defendant.

SIGNED on this 28th day of July, 2007.

                                    IRMA CARRILLO RAMIREZ
                                    UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                    IRMA CARRILLO RAMIREZ
                                    UNITED STATES MAGISTRATE JUDGE